**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRYAN POULIN, | ) | |
| Petitioner, | ) | C.A. No. 04-350 Erie |
| v. | ) | |
| | ) | District Judge McLaughlin |
| WARDEN, F.C.I. MCKEAN, | ) | Magistrate Judge Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241 be denied.

### II.    REPORT

Bryan Poulin is a federal prisoner who asserts that he was not properly given credit against his federal sentence for time spent in state custody.  He seeks to have his federal sentence credited for an additional 444 days for time spent in state custody after federal charges had been filed against him.  The Government has responded to the petition (Docket #6), and Petitioner has filed a traverse (Docket #9). The petition is now ripe for disposition.

#### A.    Procedural History.

Petitioner Poulin was arrested by Vermont authorities on December 20, 2001, and held on two outstanding state probation warrants (Docket #6, Exhibit A at ¶4).  He was indicted in federal court on charges arising from this arrest in January 2002 (Id.).  He was, at this time, still in state custody, and remained there until April 16, 2002, when he was "borrowed" from state custody pursuant to a writ of habeas corpus ad prosequendum (Id.).  He ultimately pled guilty to the federal charges on September 3, 2002, but he was not sentenced at this time.  Instead, the pretrial detention order was continued (Id. at ¶3) and Poulin was released on January 13, 2003, to state authorities who, in turn, released Poulin to "house arrest" on January 22, 2003 (Id. at ¶4).  This status was revoked by the state courts on

February 12, 2003, and Poulin was again returned to state custody until borrowed by the federal authorities on March 28, 2003.  At this time, Poulin was sentenced to 84 months incarceration in the United States District Court for the District of Vermont, to be served concurrently with any pending sentences (id.).  Poulin was released from state custody on April 21, 2003, and has been serving his federal sentence since that time.

The Bureau of Prisons has calculated Poulin's 84 month federal sentence as beginning to run when he was transferred to federal custody on April 21, 2003.  The BOP has, however, also credited Poulin with time served from March 28, 2003, since his sentence was imposed concurrently to any then pending sentence.  Poulin argues that he should be given credit for time served for the time he spent in state custody from December 21, 2001, through January 22, 2003, and again from February 12, 2003, until March 28, 2003.

### B.      Computing Federal Sentences.

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate issues.  First, the court must establish when the federal sentence commences; and second, the court must determine the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp.618, 621 (E.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).  This is so since the applicable statute applies different standards to time served after a federal sentence commences, and time served prior to that time. 18 U.S.C. §3585.

The first inquiry, concerning the commencement of the federal sentence, is governed by 18 U.S.C. § 3585(a):

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Here, the federal sentence "commenced" when Poulin was delivered to federal custody on April 21, 2003.  He has been credited for all time served after this date.

Poulin argues that he is entitled to pre-sentence credit.  The BOP has given him credit for time served from the date his sentence was imposed, March 28, 2003.  Poulin argues that he is entitled to

2

credit against his federal sentence for all time spent in custody from the date of his initial arrest. Again, the provisions of 18 U.S.C. §3585 govern, this time §3585(b):

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added). Here, the Government has presented evidence that Poulin has received credit against his state sentence for all time spent in custody from that date of his arrest in December 2001. Therefore, Poulin is not entitled to credit against his federal sentence for this period since he has already been given credit against another sentence.

### C.    Certificate of Appealability.

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

3

**III.  CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge


Dated: April 13, 2006

cc:     The Honorable Sean J. McLaughlin
        United States District Judge